This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
Appellant-plaintiff Ruth A. Gibson appeals from a decision in the Akron Municipal Court that denied her prejudgment interest. This Court affirms.
This matter arose from a dispute between Gibson, an attorney, and appellee-defendant Roberto A. Yanzanny, a former client. On October 16, 1998, Gibson filed a claim against Yanzanny in the Akron Municipal Court to recover $767.75, interest on that amount from May 3, 1993, and the costs of the small claims action. Yanzanny filed a "motion to remove from civil docket or to dismiss" on December 30, 1998, in which he alleged that he had paid in full the 1993 legal fees that same year and that he had then employed Gibson again in 1996, for which had paid her a $150 retainer and additional monies through several installment payments. The matter proceeded to be heard by a magistrate, who issued a decision on February 22, 1999, awarding Gibson $490 plus court costs and interest from the date of judgment. Gibson filed an objection to the magistrate's decision on March 2, 1999, arguing that the magistrate should have awarded prejudgment interest from May 3, 1993. The trial court subsequently overruled Gibson's objection and adopted the decision of the magistrate in an entry journalized on March 8, 1999.
Gibson timely appeals, asserting one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF BY FAILING TO AWARD PRE-JUDGMENT INTEREST AS PRAYED FOR BY PLAINTIFF.
In her sole assignment of error, Gibson argues that she had requested in her complaint "prejudgment interest from May 3, 1993, the date when the services rendered to Appellee were complete" and that the trial court erred by not awarding such interest. Upon consideration, this Court finds no such error on the part of the trial court.
While it is indeed true that Gibson sought prejudgment interest from May 3, 1993, in her October 16, 1998 claim, there is no basis for such an award. The decision of the magistrate stated:
 From the evidence presented by the Plaintiff, the Magistrate finds that Plaintiff provided legal services for Defendant in 1996. Defendant has failed to pay for these services in full leaving a balance due of $490.00. Plaintiff also submitted a statements [sic] from Drogell Associates for a balance due on the case of $279.75 for services they rendered in a hearing held in 1993. Plaintiff states that she paid this account. Plaintiff was given time to produce a receipt for this bill but as of February 16, 1998 she has not produced the receipt. * * *
 Based upon the testimony and evidence presented, it is the decision of the Magistrate that Plaintiff be granted a judgment against the Defendant in the amount of $490.00 plus court costs and interest at the statutory rate of 10% from the date of judgment.
 Therefore, the magistrate found that Gibson had completed legal services for Yanzanny in 1996. The magistrate also found that, because Gibson had failed to produce sufficient evidence supporting her claim for $279.75 expended by Gibson and then billed to Yanzanny in 1993, Gibson was not entitled to the $279.75. In her March 2, 1999 objection to the magistrate's decision, Gibson did not challenge either factual determination. Rather, Gibson merely objected to the magistrate's failure to award prejudgment interest from May 3, 1993. In overruling this objection, the trial court specifically found that Gibson was "not entitled to pre-judgment interest back to [March 3, 1993,] since there are numerous charges and payments thereafter."
Gibson's own evidence supports the denial of prejudgment interest from May 3, 1993. In support of her claim, Gibson submitted five bills. Two of the bills were addressed to Yanzanny. The first, dated February 8, 1996, indicated that Gibson had been retained by Yanzanny, who had paid $150 toward a retainer and had made seven subsequent installment payments thereafter; one of the charges listed specifically noted that it was for legal work rendered during 1996. The second statement of Yanzanny's account was dated November 13, 1996, and also bore a handwritten notation of a subsequent payment, leaving a balance of $490. The remaining bills were directed toward Gibson and indicated a debt owed to Drogell and Associates in the amount of $279.75. As the magistrate noted, none of this paperwork indicated that Gibson had paid this latter debt, and Gibson failed to produce any evidence indicating such payment.
On appeal, Gibson does not challenge the factual determinations of the trial court. Nor does she argue in her assignment of error that she is entitled to prejudgment interest dating back to when the charges for the 1996 legal services became due and payable. Accordingly, Gibson has waived any such claim, and this Court must address only her argument that she is entitled to prejudgment interest from May 3, 1993. Gibson does not explain, and this Court cannot divine, why she would be entitled to interest running from 1993 on a debt that the trial court found did not arise until 1996 when R.C. 1343.03(A), which governs the award of the type of prejudgment interest Gibson seeks, provides that a creditor is entitled to interest at the rate of ten percent per year only from "when money becomes due and payable." Accordingly, Gibson's assignment of error is not well taken and the judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court of Akron, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________________ DONNA J. CARR FOR THE COURT
SLABY, P.J., BATCHELDER, J., CONCUR.